UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLA DEATON,

        Plaintiff,

v.

MARVIN S. TAYLOR, DDS, P.C.
d/b/a DR. TAYLOR'S FAMILY
DENTAL CENTER, et al.,

        Defendants.
                                    /

Case No. 2:17-cv-13755

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT [14]**

On November 17, 2017, Plaintiff Kayla Deaton filed her complaint against Defendants Marvin S. Taylor, DDS, P.C. d/b/a Dr. Taylor's Family Dental Center ("Taylor Dental"), Dr. Marvin Taylor ("Dr. Taylor"), and Laura Taylor ("Laura"). ECF 1. Plaintiff alleged that Defendants failed to pay her for overtime in violation of the Fair Labor Standards Act ("FLSA"), terminated her in retaliation for protected activity in violation of the FLSA, harassed her about her weight in violation of Michigan's Elliott-Larsen Civil Rights Act, and failed to provide her with a copy of her personnel file in violation of Michigan's Bullard-Plawecki Employee Right to Know Act.

On September 28, 2018, Defendants filed a motion for partial summary judgment on Plaintiff's two FLSA claims. ECF 14.[1] The Court reviewed the briefs and finds that a hearing is unnecessary. For the reasons below, the Court will deny Defendants' motion.

---

[1] Of the two FLSA claims, only the FLSA retaliation claim remains because the Court entered a stipulated order dismissing Plaintiff's FLSA claim for Defendant's failure to pay overtime wages. *See* ECF 15. In January 2018, Plaintiff received a check that paid her for her overtime hours. *See* ECF 14-3, PgID 146.

1

## BACKGROUND[2]

Plaintiff worked as a "jack-of-all trades" for Defendants from January to September 2017. ECF 14-3, PgID 140–41. Issues arose regarding Defendants' refusal to pay overtime wages. In September 2017, Plaintiff began her last day at Taylor Dental. She was upset because of emails other staff members sent about her. ECF 14-3, PgID 152. Then, Laura—who was not in the office—called Plaintiff and asked her to write a letter saying that she agreed "to work overtime hours for straight time." ECF 1, PgID 3; ECF 14-3, PgID 151. Plaintiff refused to write the letter. ECF 14-3, PgID 151. Laura called back, screamed at Plaintiff, and Plaintiff decided "to go home for the day" because there were other people who could manage Taylor Dental in her absence. *Id.* at 155. Apparently, Plaintiff then texted her manager, Kelly Kowalski—who was also not at work—and stated "I'm quitting! . . . And I'm not coming back[.] Laura wished me the best!" ECF 20-3, PgID 260–61.[3]

Plaintiff stated at her deposition, however, that the following day Kowalski told Plaintiff that she was fired. ECF 14-3, PgID 155. Laura did not tell Plaintiff she was fired until Laura called Plaintiff "a couple days later offering" Plaintiff her job back and saying, "it was a mistake and [Laura] wanted [Plaintiff] to come back and work full time." *Id.* at 156. Plaintiff indicated, however, that she was no longer working at Taylor Dental "due to

---

[2] The Court recounts the facts in the light most favorable to the Plaintiff. The summary does not constitute a finding of fact.

[3] Defendant produced the text as an attachment to Kelly Kowalski's November 1, 2018 affidavit in its reply in support of its motion for partial summary judgment. Plaintiff was not asked about the text and Kowalski was not deposed.

2

the environment that [she] had to work in and just the conditions of the things [Laura] would say and what [Laura] would do and regarding [Plaintiff's] overtime." *Id.* at 150.

**STANDARD OF REVIEW**

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And, although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere scintilla of evidence is insufficient to survive summary judgment. "[T]here must be evidence on which the jury could reasonably find for the plaintiff[.]" *Anderson*, 477 U.S. at 252.

**DISCUSSION**

I. <u>Plaintiff's Claim of Retaliatory Discharge</u>

Plaintiff alleges that Defendants terminated her employment after she "objected to the Defendants' refusal to pay overtime and refused to sign a statement" indicating her desire not to "be paid overtime for hours worked in excess of 40 hours." ECF 1, PgID 5.

3

The FLSA prohibits retaliation against employees who file a complaint or institute any proceeding under the FLSA. 29 U.S.C. § 215(a)(3).

Courts analyze FLSA retaliation claims under *McDonnell Douglas* burden-shifting framework. *See Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006). First, the plaintiff must establish the prima facie case of retaliation. *Id.* Second, if the plaintiff makes the requisite showing, the burden then shifts to the defendant to proffer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Third, the plaintiff must then prove by a preponderance of the evidence that the defendant's proffered reason is mere pretext. *Id.* (citing *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 883 (6th Cir. 1996)).

Here, Defendants' motion for partial summary judgment addresses only Plaintiff's prima facie showing. The Court similarly limits its analysis. To establish a prima facie case of retaliation, an employee must demonstrate that: (1) the plaintiff engaged in protected activity under the FLSA, (2) the plaintiff's exercise of that right was known to her employer, (3) the employer took an adverse employment action against plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action. *See Williams v. Gen. Motors Corp.*, 187 F.3d 553, 568 (6th Cir. 1999).

The parties dispute only whether Defendants took an adverse employment action against Plaintiff. *Compare* ECF 14, PgID 117 (listing the third element as the only prima facie element that cannot be proven by plaintiff) *with* ECF 19, PgID 207 ("The only issue herein is element three[.]"). Termination of employment qualifies as a materially adverse employment action. *Kocsis*, 97 F.3d at 887.

4

Defendants maintain that there is no genuine issue of material fact as to whether Plaintiff's employer took an adverse employment action against Plaintiff because she quit. ECF 14, PgID 117. Defendants represent that at her deposition Plaintiff "testified several times that she voluntarily quit[.]" *Id.* at 118.

But Defendants' representation is not reflected in the deposition. Defense counsel asked Plaintiff to describe in her own words why she no longer worked at Taylor Dental. ECF 14-3, PgID 150. She responded: "I'm no longer working there due to the environment that I had to work in and just the conditions of the things [Defendant Laura Taylor] would say and what she would do and regarding my overtime." Defense counsel then asked Plaintiff twice whether she quit, and Plaintiff replied "no" each time. *See id.*

In summary, Plaintiff was upset, Laura asked Plaintiff to sign a letter falsifying the amount of overtime wages owed to her, Plaintiff refused and walked out of work, Plaintiff texted her manager that she was quitting, and then, the next day, Plaintiff's manager told her she was fired. Plaintiff maintains now that she did not quit.

Whether Plaintiff suffered an adverse employment action depends upon whether her apparent text to Kowalski and Kowalski's affidavit are more credible than Plaintiff's deposition statements. Credibility determinations are a question of fact for a jury and preclude a finding of summary judgment on Plaintiff's prima facie retaliation case. The Court will therefore deny Defendants' motion for partial summary judgment.

II.  <u>Miscellaneous Matters</u>

The Court will now address several other issues. First, the Court's decision addresses only Plaintiff's prima facie case. The motion for partial summary judgment did

5

not present an opportunity to decide whether either party is entitled to judgment as a matter of law on the two remaining prongs of the FLSA retaliation claim.

Second, the dispositive motion deadline passed on November 21, 2018 and neither party filed an additional dispositive motion. The case is therefore ready for trial.

Finally, the Court believes that the parties would benefit from mediation. The Defendants are engaged, however, in multiple other litigations against former employees in the District. *See* 2:17-cv-13991, *Brandes v. Taylor* and 2:18-cv-10181, *Czarnowski v. Taylor*. The Court will therefore require the parties to submit a joint status report regarding the prospects of mediation in this case and the other cases in the District.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion for partial summary judgment [14] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall **FILE** by **December 7, 2018** a joint status report addressing: (1) mediation in this case and (2) whether the Court should consider global mediation for this case and the other related cases in the District, 2:17-cv-13991 and 2:18-cv-10181.

**SO ORDERED.**

    s/ Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: November 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2018, by electronic and/or ordinary mail.

    s/ David Parker
    Case Manager